CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

8/27/2019

JULIA C. DUDLEY, CLERK
BY: s/ J. Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| KENNETH D. LIGGINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 5:18-cv-38 |
| ) | |
| G.A. & F.C. WAGMAN, INC., *et al.*, ) | By: Elizabeth K. Dillon |
| ) | United States District Judge |
| Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiff Kenneth Liggins, proceeding pro se, filed this action against his former employer, G.A. & F.C. Wagman, Inc. (Wagman),[1] to recover money damages for various violations of Title VII of the Civil Rights Act of 1964. (Second Am. Compl., Dkt. No. 62.) Wagman moved to dismiss the second amended complaint under Federal Rule of Civil Procedure 12(b)(6). (Mot. to Dismiss Second Am. Compl., Dkt. No. 63.) In accordance with 28 U.S.C. § 636(b)(1)(B), the court referred the motion to Magistrate Judge Joel C. Hoppe for a report and recommendation (R&R). (Order 1, Dkt. No. 83.) On May 22, 2019, Judge Hoppe issued his R&R recommending that the court dismiss the second amended complaint with prejudice. (R&R 14, Dkt No. 101.) Liggins objects to the recommendation and asks the court to proceed with the case.[2] (Pl. Mot. Deny R&R, Dkt. No. 105.) For the following reasons, the

---

[1] The complaint names both G.A. & F.C. Wagman, Inc. and Wagman Heavy Civil, Inc. as defendants (Compl., Dkt. No. 1), but defendant clarified in its motion to dismiss plaintiff's first amended complaint that G.A. & F.C. Wagman, Inc. is the former name of Wagman Heavy Civil, Inc. and not a separate legal entity. (Mot. to Dismiss 1, Dkt. No. 43.) Liggins also originally named Alecia Morris and Valley Health Urgent Care as defendants, but the court dismissed the claims against those defendants by order entered June 4, 2018. (Order Granting Mot. to Dismiss, Dkt. No. 32.)

[2] Liggins filed a response to the R&R styled as both a "Motion to Deny Magistrate Judge Report and Recommendation" and a "Plaintiff Objection to the Report and Recommendation by the Honorable Joel C. Hoppe, United States Magistrate Judge." (Pl. Mot. Deny R&R.) The court will construe Liggins's response as an objection to the R&R.

court will overrule Liggins's objection, adopt the R&R, and dismiss the case with prejudice.[3]

I. BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the R&R. (R&R 3–6.) Because the court is ruling on a motion to dismiss, it accepts as true the well-pleaded facts set forth in the second amended complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007.)

II. DISCUSSION

**A.      Standard of Review**

The Federal Magistrates Act requires a party objecting to a magistrate judge's R&R to file their objections with the district court within fourteen days. 28 U.S.C. § 636(b)(1)(B). A party must object "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). "General objections that merely reiterate arguments presented to the magistrate judge lack the specificity required under Rule 72, and have the same effect as a failure to object, or as a waiver of such objection." *Moon v. BWX Techs., Inc.*, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010), *aff'd*, 498 F. App'x 268 (4th Cir. 2012). Where a party fails to object, or objects generally, the court reviews the R&R for clear error. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Moon*, 742 F. Supp. 2d at 829.

---

[3] In recommending dismissal with prejudice, the magistrate judge acknowledged that Liggins "has demonstrated that he cannot cure basic pleading defects identified in the presiding District Judge's prior memorandum opinion and order granting leave to amend." (R&R 10.) The court agrees. Although this is Liggins's second amended complaint, he still has not cured the deficiencies present in his first two complaints. *See Glaser v. Enzo Biochem, Inc.*, 126 F. App'x 593, 602 (4th Cir. 2005) ("[T]he district court may deny leave to amend for reasons 'such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.'" (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).). Moreover, given Liggins's failure to cure defects in his prior complaints, the court finds that any further amendment would be futile. Accordingly, the court will adopt the magistrate judge's recommendation that dismissal be with prejudice.

**B.      Liggins Has Failed to State a Plausible Claim to Relief Under Title VII**

The second amended complaint asserts several violations of Title VII, including status-based discrimination, hostile work environment, and retaliation. 42 U.S.C. §§ 2000e-2(a)(1), 2000e-3(a). Liggins also asserts a common law claim of conspiracy. (Second Am. Compl. 19–21.) In his R&R, the magistrate judge recommends dismissal of the second amended complaint for failure to allege facts that state a plausible claim showing Liggins is entitled to relief.

Although Liggins has objected to the R&R, his objection merely rehashes the facts and arguments included in his second amended complaint, which the magistrate judge addressed in detail in the R&R. Because Liggins merely reiterates arguments already presented to the magistrate judge, he states a general objection that fails to meet the standard of Rule 72(b), and the court need review the R&R only for clear error.

**1. Discrimination**

To state a claim for discrimination under Title VII, a plaintiff must allege "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Scott v. Health Net Fed. Servs.*, 463 F. App'x 206, 208 (4th Cir. 2012). Although Liggins is a member of a protected class and suffered an adverse employment action when Wagman terminated his employment, his complaint falls short of alleging satisfactory job performance or different treatment.

In support of his satisfactory job performance, Liggins emphasizes his promotions from a labor position to "finisher" and later "labor foreman," (Second Am. Compl. 4); however, the fact that his drug screen tested positive for cocaine belies Liggins's assertion that he performed satisfactorily. (*Id.* at 17.) As the magistrate judge noted, the racial motivation Liggins suggests

for his termination "'is not plausible in light of the obvious alternative explanation' that the decision makers simply judged him unfit to work in heavy construction after he tested positive for cocaine." (R&R 9 (quoting *McCleary-Evans v. Md. Dep't of Transp., St. Hwy. Admin.*, 780 F.3d 582, 588 (4th Cir. 2015)).)

Additionally, Liggins has not alleged sufficient facts showing that Wagman treated similarly situated employees differently based on their race. Specifically, he has not identified any Wagman employees who also tested positive for drug use but were not terminated.[4] Thus, Liggins has not alleged facts from which the court can infer race was Wagman's motivation for its employment decisions, and the magistrate judge did not err in finding that Liggins has failed to state a claim for discrimination under Title VII.

### 2. Hostile work environment

An employee facing a hostile work environment experiences "discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (citations omitted) (internal quotations omitted). Thus, a plaintiff alleging a racially hostile work environment must show "(1) unwelcome conduct; (2) that is based on the plaintiff's [race]; (3) which is sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment; and (4) which is imputable to the employer." *Mosby-Grant v. City of Hagerstown*, 630 F.3d 326, 334 (4th Cir. 2010) (quoting *Conner v. Schrader-Bridgeport Int'l, Inc.*, 227 F.3d 179, 192 (4th Cir. 2000)).

---

[4] While Liggins notes that other similarly situated Wagman employees were not required to take drug tests even though they caused accidents at the work site, the magistrate judge correctly noted that "a drug test, . . . performed pursuant to an established company policy, does not rise to the level of an adverse employment action for which the anti-discrimination provision of Title VII . . . provides relief." (R&R 8–9 (quoting *Sturdivant v. City of Salisbury, N.C.*, No. 1:09cv468, 2011 WL 65970, at *5 (M.D.N.C. Jan. 10, 2011) (alterations omitted)).) Accordingly, it is Liggins's termination and not his drug test that constitutes an adverse employment action and frames the issue of different treatment.

"In measuring the severity of harassing conduct, the status of the harasser may be a significant factor." *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 278 (4th Cir. 2015). "If the harassing employee is the victim's co-worker, the employer is liable only if it was negligent in controlling working conditions." *Vance v. Ball State Univ.*, 570 U.S. 421, 424 (2013). "[A]n employer *cannot* be expected to correct harassment unless the employee makes a concerted effort to inform the employer that a problem exists." *E.E.O.C. v. Xerxes Corp.*, 639 F.3d 658, 674 (4th Cir. 2011) (quoting *Howard v. Winter*, 446 F.3d 559, 567 (4th Cir. 2006)).

Liggins alleges that his coworker, Stan Darby, used a racial slur to describe him on several occasions—a word the Fourth Circuit has described as "pure anathema to African-Americans." (Second Am. Compl. 6.) *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 185 (4th Cir. 2001). After Liggins reported one such incident in March 2017, his supervisor verbally reprimanded Darby. (Second Am. Compl. 6–7.) There is no indication, however, that Liggins reported any later instances of Darby's use of racial slurs.

Liggins further alleged that Darby pushed Liggins and threw a hard hat at him. (*Id.* at 7–8.) However, aside from conclusory statements that Darby was "[carrying] out his racial animosity toward Liggins," the second amended complaint does not set forth any facts suggesting Darby shoved Liggins or threw his hard hat because of Liggins's race. (*Id.* at 7.) Rather, the complaint itself states that Darby was mad because he thought he should have been promoted instead of Liggins. (*Id.* at 10.) Additionally, when Liggins informed his supervisor of Darby's conduct, the supervisor transferred Darby to a different work crew. (*Id.* at 8–8.)

Liggins has neither alleged harassment so severe and pervasive to give rise to a hostile work environment claim, nor set forth facts indicating Wagman negligently failed to curb the harassing behavior. Accordingly, the magistrate judge did not clearly err in finding that Liggins

failed to state a hostile work environment claim.

### 3. Retaliation

"In order to establish a prima facie case of retaliation, a plaintiff must prove three elements: (1) that [he] engaged in a protected activity; (2) that [his] employer took an adverse employment action against [him]; and (3) that there was a causal link between the two events." *EEOC v. Navy Fed. Credit Union*, 424 F.3d 397, 406–07 (4th Cir. 2005). An employee engages in "protected activity" when he opposes "any practice made an unlawful employment practice by [Title VII]," or when he makes a charge, testifies, assists, or participates in an investigation under Title VII. 42 U.S.C. § 2000e-3(a). The anti-retaliation provision of Title VII does not protect employees unless they reasonably believe the conduct they oppose is unlawful. *Boyer-Liberto*, 786 F.3d at 282.

In dismissing Liggins's first amended complaint, this court held that Liggins did not allege that he engaged in a protected activity. Rather, Liggins opposed "Wagman's safety procedures and inadequate response to drugs in the workplace." (Mem. Op. 7, Dkt. No. 52.) Liggins's second amended complaint suffers the same deficiency. "[O]nce again, Liggins repeatedly alleges that Wagman's upper management told him to take a drug test and then used the positive results to fire him 'because [he] was complaining about drug use . . . on the job' and other unsafe working conditions." (R&R 13 (quoting Second Am. Compl. 12).) Liggins also fails to allege sufficient facts indicating he reasonably believed Wagman's conduct was unlawful.

Because Liggins failed to allege that he engaged in protected activity, the magistrate judge did not err in recommending dismissal of Liggins's claim for retaliation.

**4. Conspiracy**

"A common law conspiracy consists of two or more persons combined to accomplish, by some concerted action, some criminal or unlawful purpose or some lawful purpose by a criminal or unlawful means." *Sines v. Kessler*, 324 F. Supp. 3d 765, 798–99 (W.D. Va. 2018) (quoting *Commercial Bus. Sys., Inc. v. Bellsouth Servs., Inc.*, 453 S.E.2d 261, 267 (Va. 1995)).

In support of his conspiracy claim, Liggins merely conjectures that Valley Health and Wagman worked together to falsify the results of his drug screen. He makes much of an allegedly incorrect "Chain of Custody Form" or "Drug Testing Custody and Control Form," which he argues should detail who had possession of his urine specimen at each stage of the testing process. (Second Am. Compl. 20; Pl.'s Mot. Deny R&R 4–6.) Liggins reasons that because the times do not line up correctly on the forms, Wagman and the lab must have conspired against him.

To the contrary, any gaps or errors on the paperwork transferred from Valley Health to the off-site lab are more easily explained by oversight or poor record keeping. Even assuming Liggins is correct that there were gaps in the "chain of custody," he failed to set forth sufficient facts from which the court can infer that Wagman and the lab worked in concert to falsify the results of his drug screen. Accordingly, Liggins has again failed to state a plausible conspiracy claim.[5]

III. CONCLUSION

Having reviewed the magistrate judge's R&R for clear error and finding none, the court will overrule Liggins's objection, adopt the magistrate judge's R&R, and dismiss the case with

---

[5] Liggins cites to Federal Rules of Evidence 401 and 901 to support his use of the "Chain of Custody Form." (Pl.'s Mot. Deny R&R 5.) His argument on the admissibility of evidence is misplaced at this stage of the proceeding. Because Liggins has failed to allege sufficient facts to overcome Wagman's motion to dismiss, the court need not consider these potential evidentiary issues.

prejudice.

An appropriate order will follow.

Entered: August 27, 2019.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge